UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO JOSE BONNIN SIFONTES,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-06519-DC-JDP (HC)<br><br><u>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER</u><br><br>(Doc. Nos. 1, 2, 3, 4) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 4) filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

Noncitizens present without admission who are apprehended in the interior of the United States are subject discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are entitled to a custody redetermination hearing at which their eligibility for release on bond must be considered. *See Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Further, this court has previously addressed the legal issues raised by the petition. (Doc. No. 1 at 17–18.) Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing

before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On August 18, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion and habeas petition. (Doc. No. 7.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from *Rodriguez Vazquez*, *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On August 20, 2026, Respondents filed their opposition to Petitioner's motion. (Doc. No. 8.) Although Respondents suggest in their opposition that Petitioner "may" be subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), the court interprets Respondents' equivocal pleading and admission that relief in the form of a bond hearing is appropriate as concessions that 8 U.S.C. § 1226(a) currently governs Petitioner's detention. (*Id.*) Further, Respondents factually distinguish Petitioner's claim from this court's aforementioned cases by emphasizing that Petitioner was detained by immigration authorities immediately following his arrest for dealing in stolen property, and that charges are still pending. (Doc. Nos. 8, 8-1, 8-2.) Respondents also "request that the Court decide both the motion for injunctive relief and the petition on this filing without further briefing." (Doc. No. 8 at 3.) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition.

Because Respondents have not made any new legal arguments or identified any legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for a temporary restraining order (Doc. No. 4) and petition for

writ of habeas corpus (Doc. No. 1) for the reasons set forth in the court's order in *Altin*.[1] However, unlike the petitioner in *Altin*, who had been arrested but not charged with any criminal offenses and who was detained by immigration authorities seven months after his release from that arrest, here, Petitioner was detained immediately following his arrest and has criminal charges pending against him. (Doc. Nos. 8, 8-1, 8-2.) Thus, unlike in *Altin*, Respondents have provided a non-pretextual changed circumstance that may warrant revocation of Petitioner's prior release. This court has previously found that where the government asserts a non-pretextual change in circumstance potentially warranting revocation of a non-citizen's release, the proper remedy for the government's failure to provide the petitioner with a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release. *See Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 at *3 (E.D. Cal. Jan. 31, 2026) ("[W]hile the court finds that Petitioner is likely to succeed on the merits of her claim that her re-detention without a bond hearing violated her right to due process, the court will order that the proper remedy for this violation is that Petitioner receive a post-deprivation bond hearing in which Respondents must show, by clear and convincing evidence, that the alleged changed circumstances demonstrate that Petitioner is either a flight risk or threat to public safety, such that her detention is justified.").

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 4) are GRANTED as follows:

    a. Within fourteen (14) days, Respondents are ORDERED to provide Petitioner Santiago Jose Bonnin Sifontes (A-246-172-586) a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a

---

[1] Because the court is granting the petition on the due process claim, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

flight risk or risk to community safety such that Petitioner's continued immigration detention is justified; and

b. If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody on the same terms as Petitioner's previous release;

2. Petitioner's pending motions (Doc. Nos. 2, 3) are DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 31, 2026**

Dena Coggins
United States District Judge